UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MUTULU SHAKUR,

            Defendant Petitioner,         No. 82 CR. 312 (CSH)

            -against-

UNITED STATES OF AMERICA,

            Respondent.         FEBRUARY 11, 2020
----------------------------------------------------------------X

## MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

Mutulu Shakur is a federal inmate currently serving a 60-year sentence of imprisonment imposed by this Court in 1988 following Shakur's conviction by a jury on several criminal charges. The Second Circuit affirmed Shakur's conviction and sentence. 888 F.2d 234 (2d Cir. 1989). The Supreme Court denied *certiorari*. 493 U.S. 1087 (1990). Shakur has filed several motions to correct his sentence and petitions for habeas corpus relief. They are summarized in *Shakur v. United States*, 44 F. Supp. 3d 466 (S.D.N.Y. 2014). All were rejected.

Represented by private counsel in California,[1] Shakur now moves this Court by letter dated February 7, 2020 [Doc. 189] for an Order directing the Federal Bureau of Prisons to produce to Shakur and his counsel, on an expedited basis, all of Shakur's medical records "from January 1, 2013

---

[1] Mark A. Kleiman, Esq., of Santa Monica, California.

1

to the present." Those records were generated during the course of Shakur's federal incarceration. The particular records sought by counsel are listed in a proposed order submitted with the motion [Doc. 189-1]. Counsel say that these records have been previously requested from the Bureau of Prisons, which has failed or refused to produce many of them.

Counsel for Shakur regard the matter as urgent because, according to the motion papers, Shakur "has been diagnosed with advanced stage multiple myeloma, a cancer of the plasma cells that originate in the bone marrow." Doc. 189, at 1. Counsel express Shakur's intention to "file a motion for a reduction in sentence to time served which would result in compassionate release based on his life-threatening illness," but assert that the partial set of medical records furnished by the Bureau of Prisons to date "are insufficient for our retained oncological experts to render their opinions." *Id.*

Shakur's eventual motion for a compassionate release from sentence, if made and opposed by the government, would be adjudicated by me as the trial judge, in accordance with the statutory and Guidelines scheme described by Judge Chatigny in *United States v. Rivernider*, No. 3:10-cr-222, 2019 WL 3816671 (D. Conn. Aug. 14, 2019). The present issue is whether Shakur is entitled to a Court order directing the Bureau to make prompt production of the requested medical records, so that he can make such a motion. Shakur's urgency is understandable in the stated circumstances, and the records specified in the proposed order seem on their face to be appropriate. Counsel for Shakur properly made service of this letter motion on counsel of record via the CM/ECF system. The government is entitled to be heard on whether it opposes Shakur's request in principle, or whether it makes some objection to production of the particular medical records requested.

**On or before February 19, 2020,** the government is directed to file and serve its consent to the order for production of medical records proposed by Shakur, or such opposition to that order

2

as the government is advised to make.

It is SO ORDERED.

Dated: New Haven, Connecticut
February 11, 2020

_____
CHARLES S. HAIGHT, JR.
Senior United States District Judge