**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| -against- ) | No.  82 CR 312 (CSH) |
| MUTULU SHAKUR, ) | **April 20, 2020** |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

Defendant Mutulu Shakur, currently an inmate at a federal prison, has filed a motion for compassionate release which, if granted, would reduce the length of Shakur's term of imprisonment.

Shakur bases his motion upon the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A).  Until passage of the First Step Act, under the then governing statute only the federal Bureau of Prisons ("BOP") could seek from a district court compassionate release on behalf of an incarcerated federal defendant for "extraordinary and compelling reasons."  The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP.  § 3582(c)(1).  The BOP may oppose a defendant's motion for compassionate release. The statute authorizes the district court to grant compassionate release, notwithstanding the BOP's objection.

Not surprisingly, the First Step Act has generated a considerable amount of litigated cases. For illustrative decisions in this circuit, *see United States v. Ebbers*, 2020 WL 91399 (S.D.N.Y.

Jan. 8, 2020) (Caprioni, *J.*) (compassionate release granted), and *United States v. Rivernider*, 2019 WL 3816671) (D. Conn. Aug. 14, 2019) (Chatigny, *J*) (compassionate release denied).  The cases are, of course, fact-intensive.

Shakur, whose request for compassionate release was denied by the BOP, contends on this motion that extraordinary and compelling reasons for that relief exist,  as the combined result of his advanced age, the lengthy remaining time on his sentence, his diagnosis of and treatment for cancer (multiple myeloma), and the effect of the current COVID-19 pandemic upon the prison population.  As to the last factor, Shakur relies upon memoranda from Attorney General Barr to the Director of the BOP, most recently on April 3, 2020, intended, in the Attorney General's words, to "prioritize the use of home confinement as a tool for combating the dangers that COVID-19 poses to our vulnerable inmates."  Ex. J [Doc. 195] to present motion.

The Court has reviewed Shakur's motion for a compassionate release and the supporting documents that accompany it.  The Court concludes, without expressing or intimating any view on the merits of the motion, that the Government must respond to it.  Given the apparent medical concerns, the Court will expedite the case to some extent.

The Government must file any responsive papers on or before May 1, 2020.  Defendant may file reply papers, if so advised, on or before May 8, 2020.  If the Court desires oral argument, counsel will be advised.  IT IS SO ORDERED.

Dated:   New York, N.Y
         April 20, 2020

                                          s/
                                          _____
                                          CHARLES S. HAIGHT, JR.
                                          Senior United States District Judge

2